UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br>(Farm Service Agency)<br>Plaintiff<br><br>v.<br><br>PABLO HERNANDEZ NIEVES, DIANA GOMEZ RIVERA, and the conjugal partnership constituted by both Defendants | CIVIL NO. 07-1530(SEC)<br><br>FORECLOSURE OF MORTGAGE |

### JUDGMENT BY DEFAULT

Upon plaintiff's motion for judgment, and it appearing from the records on file in this proceeding that default was entered by the Clerk of this Court upon defendants PABLO HERNANDEZ NIEVES, DIANA GOMEZ RIVERA, and the conjugal partnership constituted by both, for failure to answer or otherwise plead in this case, against which defendants the plaintiff is entitled to a Judgment by Default, and the Court being fully advised in the premises, hereby

ORDERS, ADJUDGES, AND DECREES:

1. On July 1, 1997, original borrowers herein subscribed a Mortgage Note for the principal amount of $98,000.00 with interest at the rate of 3.75% per annum.

2. Said Mortgage Note was subscribed in favor of or to the order of Farm Service Agency, an agency and instrumentality of the United States of America.

United States v. Pablo Hernandez Nieves, et als.
Civil No. 07-1530(SEC)
Page 2

3.   For the purpose of securing the payment of said note a mortgage was constituted by Deed Number 72, dated July 1, 1997 before the Notary Public Julio Enrique Pancorbo, over the following real property:

> RUSTICA:   Solar compuesto de DIEZ METROS de frente por CATORCE METOS de fondo, o sea, un área superficial de CIENTO CUARENTA METROS CUADRADOS, radicada en el Barrio Camaseyes, Avenida Rafael Hernández, conocida por Rubianes, del término municipal de Aguadilla, Puerto Rico, en lindes por el NORTE, con Alfredo Rodríguez; por el SUR, con Pablo-Hernández Bosques; por el ESTE, con Rafael Cubero Nieves y por el OESTE, con la Calle Rafael Hernández.
>
> Contiene una casa.

Plaintiff's mortgage is recorded at page $177^{rs}$, volume 286 of Aguadilla, property no. 4461, 10th Inscription at the Registry of Property of Aguadilla, Puerto Rico.

4. The defendants herein owners of record of this property have failed to comply with the terms and conditions of the mortgage contract and have refused to pay the stipulated monthly installments, in spite of plaintiff's demands and collection efforts.

5. According to the terms and conditions of the mortgage contract if default is made in the payment of an installment under the note, and said default is not made good prior to the due date

of the next installment, the entire principal sum and accrued interest shall at once become due and payable at the option of the holder.

6. The defendants' indebtedness with the plaintiff is:

    a) $93,558.32 of aggregate principal;

    b) $14,436.79 of interest accrued as of May 3, 2004 and thereafter until its full and total payment, which interest amount increases at the daily accrual rate of $9.6122;

    c) Plus insurance premium, taxes, advances, late charges, costs, court costs, disbursements and attorneys fees guaranteed under the mortgage obligation.

7. Defendants, as debtors of the amounts prayed for in the complaint, are hereby ORDERED AND ADJUDGED to pay unto the plaintiff the amounts specified and set forth in the preceding paragraph 6.

8. In default of the payment of the sums herein specified or of any part thereof within the ten (10) days from the date of entry of this judgment, said property shall be sold by the Marshal of this Court at public auction to the highest bidder thereof, without an appraisement or right of redemption for the payment and satisfaction of plaintiff's mortgage within the limits secured thereby.

United States v. Pablo Hernandez Nieves, et als.
Civil No. 07-1530(SEC)
Page 4

9. The Marshal of this Court shall make the sale hereinabove mentioned in accordance with 28 U.S.C. Section 2001 and Section 2002 and the applicable provisions of the Commonwealth of Puerto Rico Mortgage Law. The notice of sale shall be published in a newspaper of general circulation once a week during four (4) consecutive weeks. The amount of $98,000.00 shall serve as the minimum bid for the first public sale. Should the first public sale fail to produce an award or adjudication, two-thirds of the aforementioned amount shall serve as the minimum bid for the second public sale. Should there be no award or adjudication at the second public sale, the basis for the third sale shall be one-half of the amount specified as minimum bid for the first public sale. The Marshal of this Court shall proceed to issue the corresponding notice of sale to be published in a newspaper of general circulation without the need of further orders or writs from this Court. Such sale shall be subject to the confirmation of this Court. Upon confirmation the Marshal shall execute the corresponding deed of judicial sale to the purchaser and he shall be entitled to the delivery of the property sold and its physical possession, in accordance with law. Said possession may be obtained through eviction of the occupant of the property without

United States v. Pablo Hernandez Nieves, et als.
Civil No. 07-1530(SEC)
Page 5

the need of further order of this Court if executed within sixty (60) days from the confirmation of the public sale.

10. Any funds derived from the sale to be made in accordance with the terms of this judgment and such further orders of this Court shall be applied as follows:

    a) To the payment of all proper expenses attendant upon said sale;

    b) To the payments of that part of the indebtedness owed to the plaintiff in the same order and for the amounts specified, and set forth in the preceding paragraph 6;

    c) If after making the above payments there shall be surplus, said surplus shall be delivered to the Clerk of this Court, subject to further orders of the Court;

    d) In the case the proceeds from the said sale are not sufficient to cover the full amounts owing to the plaintiff, the plaintiff shall be entitled to a deficiency judgment against the defendant and shall have execution therefor.

11. The Property Registrar of the corresponding Property Registry of Puerto Rico shall proceed to the recording of the judicial sale deed in favor of the purchaser, free of any liens subsequent to the date of the execution of the foreclosed mortgage.

12. Plaintiff in these proceedings may apply to this Court for such further orders as it may deem advisable to its interest in

United States v. Pablo Hernandez Nieves, et als.
Civil No. 07-1530(SEC)
Page 6

accordance with the terms of this Judgment and the Clerk shall proceed to issue of course all necessary writs to enforce and execute the same. Fed.R.Civ.P. 77(a).

In San Juan, Puerto Rico, this  10  day of OCTOBER 2007.



UNITED STATES DISTRICT JUDGE